■ CHEN REALTY Co., INC., Respondent, v NEW YORK INSURANCE UNDERWRITERS ASSOCIATION, Appellant, et al., Defendant.—Order, Supreme Court, Bronx County, entered on January 4, 1975, denying defendant New York Insurance Underwriters Association's motion for summary judgment dismissing the complaint in this action to recover on a fire insurance policy, unanimously reversed, on the law, and the motion granted. Appellant shall recover of respondent $60 costs and disbursements of this appeal. The record discloses that the defendant insurance company issued an insurance policy in the amount of $145,000 (Policy No. 24744-1) for the term May 7, 1970 to May 7, 1971. After expiration of this policy, plaintiff asserts that on September 20, 1971, it requested its insurance broker Jacob J. Katz & Co. (also a defendant herein) to obtain a fire insurance policy from the defendant insurance company in the face amount of $200,000. It is further averred by plaintiff that it presented to the broker two checks, each in the sum of $500, on October 1 and October 5, 1971, respectively, to cover the premium due. After the fire loss on November 16, 1971, plaintiff made claim and the insurance company denied ever receiving the premium or any application for a new policy. Plaintiff's insurance broker by an affidavit of a partner sworn to November 1, 1974, states that it forwarded its check for the premium to the defendant insurance company. There is no accompanying documentary evidence in the form of a cancelled check evidencing the

payment of the premium. Indeed, there is not a scintilla of evidence other than bare assertion to support the conclusion that the premises damaged by fire on November 16, 1971, were covered by insurance at that time. On the issue of credibility, it may be noted that assuming the broker did forward the requisite application together with its check to the insurance company in the mail prior to the date of the fire and that same were not received by the latter, the mails are deemed the agent of the broker, who is in turn the agent of plaintiff. Under these circumstances, absent some other factor, delivery to the mails would not constitute delivery to defendant insurance company. It is beyond cavil that a party who opposes summary judgment must reveal his proofs in order to show that matters set up in his pleading are real and can be established upon a trial *(Di Sabato v Soffes,* 9 AD2d 297). This, plaintiff has failed to do. Concur—Markewich, J. P., Murphy, Lupiano, Lane and Nunez, JJ.